UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JENNIFER MARIE CAMPBELL,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,

    Defendant.

No. 2:14-CV-00060-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12, 13. Dana Madsen represents Jennifer Marie Campbell ("Plaintiff" or "Claimant") and Special Assistant United States Attorney Daphne Banay represents Defendant Commissioner of Social Security (the "Commissioner"). Plaintiff brings this action seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision, which denied her application for supplemental security income ("SSI") under the Social Security Act (the "Act"). After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary judgment, and directs entry of judgment in favor of Plaintiff.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Plaintiff filed an application for SSI on February 6, 2011, alleging disability beginning December 23, 2010. Tr. 15. The application was denied initially on May 17, 2011, and upon reconsideration on August 26, 2011. *Id*. On September 27, 2011, Plaintiff submitted a written notice requesting a hearing. *Id*. On October 2, 2012, Administrative Law Judge ("ALJ") Marie Palachuk held a hearing in Spokane, Washington. *Id*. On November 14, 2012, the ALJ issued a decision denying Plaintiff's claim. Tr. 15-27. Thereafter, the Appeals Council denied review on January 9, 2014, which made the ALJ's decision the Commissioner's final decision and subject to judicial review. Tr. 1-6. Claimant initiated this action on March 5, 2014. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Lounsburry v. Barnhart,* 468 F.3d 1111, 114 (9th Cir. 2006).

**Step 1:** Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If she is not, the ALJ proceeds to step two.

**Step 2:** Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

**Step 3:** Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**Step 4:** Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

**Step 5:** Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof at steps one through four as detailed above. *Molina v. Astrue,* 674 F.3d at 1104, 1111 (9th Cir. 2012); *Lockwood v.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

*Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (citation omitted). In determining whether this standard has been satisfied, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (internal citation omitted). The

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.     Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Plaintiff was 36 years old on the date of the hearing. Tr. 53. She is single and has two children, ages 18 and 11. Tr. 54. Plaintiff has a 10th grade education and has not obtained a GED. Tr. 54.

Plaintiff alleges she is unable to work due to a "Cerebral Vascular Accident Stroke" which she suffered in 2010. Tr. 171.

## V.     The ALJ's Findings

The ALJ determined that Plaintiff was not disabled under the Act and denied her SSI application, filed on February 6, 2011. Tr. 26-35.

**At step one**, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, December 23, 2010. Tr. 16 (citing 20 C.F.R. § 416.971 *et seq.*).

**At step two**, the ALJ found Plaintiff had the following severe impairments: Status Post Cerebrovascular Accident; Obesity; and Generalized Anxiety Disorder. (citing 20 C.F.R. § 416.920(c)). Tr. 16.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1 (the "Listings"), 416.920(d), 416.925, and 416.926. Tr. 17.

At **step four**, the ALJ found that the claimant has no past relevant work because she has only worked at minimal levels in the past, none of which met the definition of substantial gainful activity. Tr. 26.

At **step five**, the ALJ found that the claimant has the residual functional capacity to perform light work as defined in 20 CFR § 416.967(b) meaning that she

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

can lift twenty pounds occasionally and ten pounds frequently and she can stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. Tr. 19. However, she can never climb ladders, ropes, or scaffolds and must avoid all exposure to unprotected heights. *Id.* She is able to understand, remember, and carry out simple, routine, repetitive tasks involving up to three step commands. Tr. 19-20. She is able to maintain attention and concentration on simple routine repetitive tasks for two-hour intervals between regularly scheduled breaks. Tr. 20. She can perform jobs that require no judgment or decision making, no production pace, no interaction with the public, and only small group interactions with co-workers and supervisors. *Id.*

Thus, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 26.

## VI.  Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. ECF No. 12 at 11. More specifically, Plaintiff alleges that the ALJ erred by (1) improperly assessing the opinion of Dr. Haynes, which led to her posing a flawed hypothetical to the vocational expert and (2) improperly assessing Plaintiff's credibility. ECF No. 12 at 12-16. Plaintiff also contends that (3) the Appeals Council erred by failing to properly consider new evidence. ECF No. 12 at 13.

## VII.  Discussion

**A. The ALJ's Assessment of Dr. Haynes' Opinion and Step Five Findings**

**1.  Legal Standard**

Plaintiff claims that the ALJ improperly assessed the opinion of non-examining expert Dr. James Haynes, which led to the ALJ presenting a flawed hypothetical to the ALJ. ECF No. 12 at 12. Defendant concedes that the ALJ erred with respect to

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

a portion of Dr. Hayes' opinion, but argues that error was harmless. ECF No. 13 at 3-4.

More specifically, Defendant concedes that the ALJ erred in two separate ways: (1) by not finding or providing reasons to reject Dr. Haynes' opinion that Plaintiff was limited to lifting and carrying ten pounds and (2) by finding at step five that the ALJ could perform other work as an inspector and as an automatic grinding machine operator. ECF No. 13 at 3; 7. Since Defendant concedes the errors, the Court must determine whether the errors were harmless.

An error may be considered harmless where it "occurred during an unnecessary exercise or procedure;" is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded testimony was credited. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Taken together, these two errors made by the ALJ were prejudicial to Plaintiff and therefore not harmless. Defendant argues that the ALJ's finding that Plaintiff could perform work as an inspector or inspector-packager constituted a basis for finding Plaintiff was not disabled. ECF No. 13 at 5. This argument, however, ignores the fact that the Dictionary of Occupational Titles ("DOT") defines both inspector and inspector-packager as "light work – [e]xerting up to 20 pounds of force occasionally." *See* DOT 733.687-042; 784.687-042. This is the same category of exertion Defendant concedes error with respect to the ALJ's improper consideration of Dr. Haynes' 10 pound carrying and lifting limitation. While the DOT entries for "light work" do include language indicating that the work performed may only involve negligible amounts of weight, the record is unclear as to the effect of Plaintiff's 10 pound limitation on the work the ALJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

found that she could perform. Due to the flawed hypothetical which did not include this 10 pound limitation, the case must be remanded for further proceedings.

**B. The ALJ Must Consider the Opinion of Dr. Arnold on Remand**

Plaintiff argues that a mental medical source statement by examining psychologist John Arnold, Ph.D., which was submitted for the first time to the Appeals Council, should be considered in her disability determination. ECF No. 12 at 13. Defendant argues that because Dr. Arnold's opinion report was completed on January 18, 2013, none of his opinions relate to the time period considered by the ALJ (February 6, 2011 through November 14, 2012). ECF No. 13 at 12. Plaintiff asserts that Dr. Arnold's opinions are relevant because he assigned the same GAF score of 50 for "current" as for "past year." ECF No. 14 at 2.

"[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Astrue*, 682 F. 3d 1157, 1159-60 (9th Cir. 2012). Further, the Ninth Circuit has also held that medical evaluations made after the relevant time period are relevant when they concern the claimant's condition during the time period at issue. *Taylor v. Comm'r of Soc. Sec. Admin*, 659 F.3d 1228, 1232 (9th Cir. 2011). Here, Dr. Arnold's opines that Plaintiff has 11 severe work-related limitations. Tr. 504-06. While the assessment took place on January 9, 2013, and the Commissioner's decision was issued on November 14, 2012, Dr. Arnold's diagnostic impression of Plaintiff's GAF score is the same for the day of assessment as for the past year. Tr. 503. As such, his opinions relate to the relevant time period and should have been considered by the Appeals Council. Accordingly, the opinions of Dr. Arnold must be considered by the ALJ on remand.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

**C. The ALJ Must Conduct a New Credibility Determination on Remand**

**1. Legal Standard—Credibility and Plaintiff's Subjective Complaints**

Plaintiff claims that the ALJ erred in rejecting Plaintiff's subjective complaints. ECF No. 15 at 13-16. The ALJ found that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Tr. 31.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably expected to produce some degree of the symptoms alleged. Id. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996).

At step one of the credibility determination, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 21. At step two of the credibility determination, however, the ALJ found that Plaintiff was "less than fully credible because of her

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

inconsistent reports, low motivation to work, poor work history, evidence of over reporting symptoms, and a diagnosis of malingering." Tr. 23.

The ALJ found that Plaintiff made inconsistent reports based on her reporting a history of abuse to certain doctors, but not to others. Tr. 23. The Court finds that this is not a clear and convincing reason to reject her testimony. The reporting of any abuse, particularly sexual abuse, is an extremely personal decision. Plaintiff may have felt more comfortable disclosing this deeply personal trauma to certain doctors and not to others.

On remand, the ALJ shall conduct a new credibility determination after properly considering the opinion of Dr. Arnold. As discussed above, the basis of any credibility determination should not be inconsistent reporting of abuse. Further, the ALJ should develop a clearer record with regard to the issue of malingering. *See* Tr. 46; Tr. 349 (testimony by Dr. Veraldi indicating that he is not certain whether Dr. Everhart diagnosed malingering).

### VIII. Conclusion

Based on the foregoing, the Court finds the Commissioner's decision is not free of legal error and supported by substantial evidence. Therefore, Plaintiff's Motion for Summary Judgment is granted. This matter is remanded to the ALJ for further proceedings in accordance with this order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///
///
///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10**

4. This matter is **REMANDED** for further proceedings consistent with this order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 11th day of June, 2015.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11**